## IN THE DISTRICT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. | TERESA FANNING, | ) |
| | | ) |
| | Plaintiff, | ) CJ-21- $\beta \iota \iota \mathrm{D}$ |
| | | ) |
| v. | | ) **JURY TRIAL DEMANDED** |
| | | ) **ATTORNEY LIEN CLAIMED** |
| 1. | CARE HOSPICE, INC., | ) |
| | | ) |
| and | | ) STATE OF OKLAHOMA⎫ S.S. |
| | | ) CLEVELAND COUNTY⎭ |
| | | ) **FILED** |
| 2. | HOSPICE OF CENTRAL | ) |
| | OKLAHOMA, LLC d/b/a | ) **JUN 04 2021** |
| | Frontier Hospice, | ) |
| | | ) |
| | Defendants. | ) In the office of the |
| | | ) Court Clerk MARILYN WILLIAMS |

## PETITION

**COMES NOW THE PLAINTIFF,** Teresa Fanning, and pleads her claims as follows:

## PARTIES

1. The Plaintiff is Teresa Fanning, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are Care Hospice, Inc. (hereinafter "Care Hospice") and Hospice of Central Oklahoma, LLC d/b/a Frontier Hospice (hereinafter "Hospice of Central Oklahoma"), both entities doing business in Cleveland County, Oklahoma.

## CLAIMS & VENUE

3. Ms. Fanning asserts claims for:

   A. Violations of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act (OADA) in the form of disability discrimination

1

EXHIBIT
3

and retaliatory termination after Ms. Fanning requested accommodations. Disability discrimination including retaliatory termination after Ms. Fanning requested accommodations for her disability, in violation of the Americans with Disabilities Act.

B.    Violations of the Family Medical Leave Act (FMLA) in the form of interference with Ms. Fanning's rights under the FMLA by forcing Ms. Fanning to use FMLA leave which she did not need and would not have needed had Defendants accommodated her medical condition.

4.    The conduct giving rise to this action occurred in Cleveland County, Oklahoma, such that venue is proper in Cleveland County, Oklahoma.

## STATEMENT OF FACTS

5.    The Defendants, jointly and/or separately, employed at least fifty employees within seventy-five road miles of Ms. Fanning's work location for a least twenty or more weeks of the current or proceeding calendar year. Accordingly, the Defendants are both employers under the ADA and FMLA. Neither the OADA nor Oklahoma's public policy doctrine require a minimum number of employees to be subject to these laws.

6.    Defendant Hospice of Central Oklahoma holds itself out as Ms. Fanning's employer on the pay checks and W-2 forms it issued to Ms. Fanning. Defendant Care Hospice holds itself out as Ms. Fanning's employer the FMLA paperwork and retirement documents given to Ms. Fanning as well as the personnel manual containing the

2

rules and policies to which Ms. Fanning was subject during her employment with Defendants. For these and other reasons both Defendants were Ms. Fanning's employers as direct employers, joint employers and/or because the Defendants constituted an integrated enterprise, and both defendants are jointly and severally liable for the claims asserted herein.

7. Ms. Fanning was employed at-will with the Defendants from around December 16, 2016 until she was involuntarily terminated around July 31, 2020.

8. Ms. Fanning's job title was that of a Certified Home Health Aid. Ms. Fanning was qualified to perform as a Certified Home Health Aid and performed her job duties satisfactorily.

9. Ms. Fanning suffers from impairments including lung problems, lung scaring, repeated lung infections and pneumonia which, without the ameliorative effects of mitigating measures, substantially limits one or more major life activities (including major bodily functions) including respiratory functions such as breathing.

10. Around April 1, 2020 Ms. Fanning requested accommodations in the form of not being required to work around a patient who showed symptoms of COVID-19 and/or another lung infection. Ms. Fanning made this request to Mandy Schulz (Executive Director).

11. Ms. Schulz denied Ms. Fanning's requested accommodation, did not engage in an interactive process required by the ADA and did not offer an alternative reasonable accommodation.

3

12. In response to Ms. Fanning's request for accommodation Ms. Schulz told Ms. Fanning to stay home and Ms. Schultz refused to allow Ms. Fanning to return to work.

13. Ms. Fanning made multiple requests to return to work. For instance, around the end of April, 2020 Ms. Fanning explained to Ms. Schulz that she (Fanning) believed she was out of leave and that she wanted and needed to return to work. In response, Ms. Schulz refused to allow Ms. Fanning to return, telling Ms. Fanning, "We don't have a schedule for you at this time".

14. Plaintiff also asked Steven Kraus (Vice President of Human Resources) to allow her to return to work.

15. During her communications with Mr. Kraus, he (Kraus) incorrectly claimed that Ms. Fanning had been out on medical leave and required Ms. Fanning to provide a release from her physician before allowing her to return to work.

16. Ms. Fanning told Mr. Krause that she was not on medical leave, but that she had been placed involuntarily on leave and not allowed to return to work.

17. Around July 14, 2020 Ms. Fanning gave Defendant a doctor's note stating that she could return to work but it was recommended that she wear protective equipment due to the high risk of complications if she were to come into contact with COVID-19. Ms. Fanning during this period again explained that she has significant lung scarring from prior bouts with pneumonia that places her at higher risk of becoming seriously ill if exposed to COVID-19.

4

18.   Defendant claimed that Ms. Fanning's leave was FMLA leave even though Ms. Fanning did not require FMLA leave and would have been able to perform all essential functions of her job with the accommodation requested (or another reasonable accommodation).

19.   Forcing an employee to take unneeded FMLA leave is an interference with Ms. Fanning's rights under the FMLA.

20.   Defendants terminated Ms. Fanning's employment around July 30, 2020.

21.   As a direct result of the Defendants' conduct Ms. Fanning has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm such as worry, anxiety, frustration, sadness and similar unpleasant emotions.

22.   At the least, significant factors in the decision to terminate Ms. Fanning's employment include her disability (including her actual and/or recorded disability and/or Defendants regarding Ms. Fanning as disabled) and/or her requests for accommodation. Ms. Fanning would not have been terminated but-for engaging in protected conduct of requesting accommodations for a disability.

23.   Ms. Fanning exhausted her administrative remedies by timely filing EEOC charges of discrimination on August 24, 2020. The EEOC issued Ms. Fanning her right to sue letter on March 26, 2021. This petition is timely filed within ninety (90) days of Ms. Fanning's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

24.     Discrimination on the basis of a disability (including failure to accommodate and retaliation after Plaintiff requested accommodation) violates the Americans with Disabilities Act.

25.     Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm damages.

26.     Because Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

27.     Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

28.     Discrimination on the basis of a disability (including failure to accommodate and retaliation after Plaintiff requested accommodation) violates Oklahoma's Anti-Discrimination Act.

29.     Under this Count Plaintiff is entitled to her back wages and benefits, along with an equal amount of liquidated damages.

30.     Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT III

Plaintiff incorporates the above paragraphs and further alleges:

31.    Interference with Plaintiff's rights under the FMLA by forcing her to take unneeded FMLA leave, violates the FMLA.

32.    Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) along with an equal amount of liquidated damages.

33.    Plaintiff is also entitled to an award of attorney fees and costs.

<b>PRAYER</b>

**WHEREFORE**, Ms. Fanning requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.  Ms. Fanning requests damages in an amount in excess of that required for diversity jurisdiction.

**RESPECTFULLY SUBMITTED THIS 2ND DAY OF JUNE 2021:**

HAMMONS, HURST & ASSOCIATES

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
         mark@hammonslaw.com
*Counsel for Plaintiff*